

CERTIFIED FROM THE RECORD

04/06/2026

Brandy S. Lonchena

*Sarah Sewall*

Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP,
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION                                   MDL No. 3014

**TRANSFER ORDER**

**Before the Panel**:\*  Plaintiff in the *Gravelyn* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Gravelyn* to the Western District of Pennsylvania for inclusion in MDL No. 3014.  Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips Holding USA, Inc., Philips North America LLC, and Philips RS North America Holding Corporation oppose the motion.

After considering the parties' arguments, we find that *Gravelyn* involves common questions of fact with the actions transferred to MDL No. 3014, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the Western District of Pennsylvania was an appropriate Section 1407 forum for actions sharing factual questions arising from Philips' recall of certain Continuous Positive Airway Pressure (CPAP), Bi-Level PAP, and mechanical ventilator devices on June 14, 2021.  *See In re Philips Recalled CPAP, Bi-Level PAP, and Mech. Ventilator Prods. Liab. Litig.*, 568 F. Supp. 3d 1408, 1409–10 (J.P.M.L. 2021).  The recalled devices allegedly contain PE-PUR sound abatement foam that may degrade into particles or off-gas volatile organic compounds that may then be ingested or inhaled by the user, causing injury.  Like the actions in the MDL, plaintiff in *Gravelyn* alleges that he was injured by a CPAP device subject to the June 2021 recall and that his injury is due to the PE-PUR foam in the device.

Plaintiff primarily argues that his claims must receive prompt attention due to the seriousness of his medical condition (Stage IV lung cancer), that his witnesses and counsel are in California, and that litigating in the MDL will cause him delay and inconvenience.  While we are sympathetic to the challenges that plaintiff faces, his arguments against transfer are not persuasive. Transfer is unlikely to significantly delay resolution of plaintiff's claims.  The transferee court is expeditiously addressing the remaining personal injury actions in the MDL.  Moreover, we note that "[c]entralization under Section 1407 is for pretrial proceedings only, and there usually is no need for parties or witnesses to travel to the transferee court for depositions or court hearings." *In*

---

\* Judge David C. Norton did not participate in the decision of this matter.

- 2 -

*re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2021 WL 755083, at \*2 (J.P.M.L. Feb. 4, 2021).

Plaintiff also argues that transfer is improper because his action involves individualized damages and will require individualized discovery. Plaintiff's alleged injury, however, is substantially similar to those alleged by plaintiffs in the MDL (some of whom also allege lung injuries). And, even if plaintiff has unique injuries, transfer remains appropriate. "Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant where the actions arise from a common factual core." *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353–54 (J.P.M.L. 2019).

Before concluding, we must raise an additional issue, given our serious concerns about the integrity of the record in this matter. Plaintiff's brief cites only two Panel decisions, but these two citations are inaccurate and misrepresent the holdings in the underlying cases.[1] The nature of the misrepresentations suggests that counsel may have used generative artificial intelligence to draft

---

[1] Plaintiff cites *In re Xarelto (Rivaroxaban) Products Liability Litigation*, 223 F. Supp. 3d 1348, 1349 (J.P.M.L. 2016), and *In re Eliquis (Apixaban) Products Liability Litigation*, 282 F. Supp. 3d 1354, 1356 (J.P.M.L. 2017), for the proposition that the Panel has denied "transfer where plaintiff's 'individualized circumstances' warranted local adjudication." Pl.'s Br. in Support of Mot. to Vacate at 2, MDL No. 2873 (J.P.M.L. Feb. 10, 2026), ECF No. 1054-1. Neither case stands for this proposition. With respect to *Xarelto*, the reporter citation that plaintiff provides is for a different MDL (which also does not stand for the proposition). Even if plaintiff had properly cited *Xarelto*, the Panel in that MDL explicitly rejected an argument against centralization based on "individualized factual issues." *See Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1404 (J.P.M.L. 2014). With respect to *Eliquis*, while the citation is correct, the Panel in that decision did not deny transfer. Rather, the Panel created an MDL and transferred all the actions on the motion to the MDL.

We note that plaintiff's initial brief (which was filed incorrectly and ultimately replaced with plaintiff's current brief) also contained inaccurate citations. *See* Pl.'s Initial Br. in Supp. of Mot. to Vacate at 3, MDL No. 3014, ECF No. 1048. In addition to the incorrect *Xarelto* citation, plaintiff cited *In re Bard IVC Filters Products Liability Litigation*, 2016 WL 5867451 (J.P.M.L. Oct. 5, 2016), and *In re Vioxx Products Liability Litigation*, 478 F. Supp. 2d 1376 (J.P.M.L. 2007), for the proposition that the Panel has denied or vacated transfer where individualized adjudication was necessary to avoid irreparable prejudice. Neither citation, however, is correct. The *Bard* citation takes one to a Southern District of New York decision, while the *Vioxx* citation takes one to a Northern District of Georgia decision.

- 3 -

plaintiff's brief without checking the accuracy of the information produced,[2] though it is possible counsel used some other unreliable source.  Regardless, plaintiff improperly submitted a brief with false legal representations.  We admonish plaintiff and his counsel for fabricating and misrepresenting legal authorities.  This is an abuse of the judicial process, and one which we do not take lightly.  Parties have a duty to ensure that citations are, in fact, real.  *See In re Snowflake, Inc., Data Sec. Breach Litig.*, MDL No. 3126, ___ F. Supp. 3d ___, 2025 WL 4007421, at *2 (J.P.M.L. Aug. 7, 2025).  Any further non-compliant submissions from plaintiff may be stricken or result in additional appropriate corrective action.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Joy Flowers Conti for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton               Matthew F. Kennelly
Roger T. Benitez                  Dale A. Kimball
Madeline Cox Arleo

---

[2] *See Reilly v. Connecticut Interlocal Risk Mgmt. Agency*, No. 3:25-00640, 2025 WL 1726366, at *2 (D. Conn. June 20, 2025) ("Artificial intelligence is known to result in . . . fictional or hallucinatory citations . . . . [B]ecause artificial intelligence synthesizes many sources with varying degrees of trustworthiness, reliance on artificial intelligence without independent verification renders litigants unable to represent to the Court that the information in their filings is truthful.") (internal quotation marks and citation omitted).

**IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP,
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION**                                           MDL No. 3014

## SCHEDULE A

<u>Northern District of California</u>

GRAVELYN v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 3:25−10908